C. S. Wesner, for appellant.

---

## DAVID ZEHNER ET AL. v. CHARLES AULTMAN ET AL.

1. *Practice—Question Saved.*—To save a question on an instruction claimed to have been improperly given, it is not sufficient to set it out in the motion for a new trial alone.

2. *Mortgage—Description of Property.*—A mortgage in which the property is described as consisting of "one-third of twenty-two acres of growing wheat, situ-

ate," etc., means the undivided one-third of the wheat, and is a sufficiently particular description.

3. *Same—Demand.*—When the mortgage is duly recorded, the purchaser takes with notice, either actual or constructive, of the claim upon the property, and no demand is necessary.

4. *Evidence.*—Evidence of a demand met with a refusal to surrender the property, and a threat to shoot any one coming for it, would be sufficient, were a demand necessary.

Filed June 17, 1881.

Appeal from Marshall Circuit Court.

Opinion of the court by Mr. Justice Woods.

Suit upon a promissory note and chattel mortgage. Issues of fact, verdict, judgment and decree of foreclosure in favor of the appellees. The appellant Zehner was not a party to the note or mortgage, but was charged as a purchaser in possession of a part of the mortgaged property, which, besides a reaper and mower, was described in the mortgage as consisting of " one-third of twenty-two acres of growing wheat, situate," etc.

Zehner alone has assigned error, and that upon the overruling of his motion for a new trial. Under this assignment he claims that the verdict against him is contrary to law, and not supported by sufficient evidence, and that the court erred in giving an instruction to the jury.

An alleged copy of the instruction complained of is given in the motion for a new trial, but it does not otherwise appear in the record. There is, therefore, no question properly saved in reference to it. *Elbert* v. *Hoby,* (last term) ; *McDaniel* v. *Mattingly,* (last term.)

It is claimed that the particular part of the wheat intended to have been mortgaged is not specified, and that the mortgage is, therefore, void in respect to the wheat. The court interpreted the mortgage as meaning the undivided one-third of the wheat. This was right, and a more particular description was not necessary.

The point is made that there was no proof of demand upon Zehner for the wheat before suing. The mortgage was duly recorded, and he therefore bought the mortgaged wheat, with notice, either actual or constructive, of the plaintiff's claim, and no demand was necessary upon him any more than upon the maker of the mortgage. But if it were required, there was sufficient proof on the subject. Upon a demand made of him at Plymouth, the ap-

pellant refused to surrender the wheat, and declared a purpose to shoot any one who should come for it.   Under the circumstances he can hardly be heard to complain that a demand was not made upon his premises.

There is no particular in which we find a lack of evidence in the record sufficient to support the verdict.

The judgment is therefore affirmed with costs.

Jones & Capron and W. B. Hess, for appellant.